[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16177
Non-Argument Calendar

_____

D.C. Docket No. 5:01-cr-00072-CAR-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELWIN HOOD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 6, 2013)

Before CARNES, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Kelwin Hood appeals the district court's denial of his request for a sentence

reduction under 18 U.S.C. § 3582(c)(2). Hood argues that he should benefit from

the reduction in penalties for crack offenses enacted by Amendment 750 and the Fair Sentencing Act of 2010.  We review de novo a district court's legal conclusions about the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).

A district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  But "[w]here a retroactively applicable guideline amendment reduces a defendant's base-offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guidelines range").

Amendment 750 lowered the base-offense levels for particular crack cocaine quantities under U.S.S.G. § 2D1.1.  See U.S.S.G. App. C, Amend. 750.  A career offender's guidelines range is determined by § 4B1.1, not § 2D1.1, so his sentence may not be reduced based on an amendment to the § 2D1.1.  Moore, 541 F.3d at 1327, 1330.  Because Hood was a career offender and was sentenced based on the

2

career offender guidelines range found in § 4B1.1, he is not entitled to a reduction under § 3582(c)(2) based on Amendment 750.

Hood argues that under Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011), he is entitled to relief even though his guidelines range was determined by his career offender status.  That argument is foreclosed by Lawson, which held that Freeman, a decision that dealt with a defendant who entered into Rule 11 plea agreement, did not overrule Moore and extend § 3582 relief to defendants sentenced based on the career offender guidelines.  Lawson, 686 F.3d at 320–21.

Hood is also not entitled to relief under the FSA because he was sentenced in 2003.  The FSA became effective on August 3, 2010.  The FSA's reduced statutory penalties are applicable to those sentenced after the Act took effect, but not to those sentenced beforehand.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) ("The Supreme Court in Dorsey [v. United States, 567 U.S. —, 132 S.Ct. 2321 (2012)] carefully confined its application of the FSA to pre-Act offenders who were sentenced after" that date.").

**AFFIRMED.**